The State of Ohio, Appellant, *v.* DeMido, Appellee.

[Cite as State v. DeMido (1974), 37 Ohio St. 2d 125.]

(No. 73-529—Decided March 13, 1974.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson* and *Mr. Charles L. Price,* for appellant.

*Mr. James Maxwell, Jr.,* for appellee.

CORRIGAN, J. In the trial court, the stipulations of fact included the following:

"On December 4, 1971, Rowena Clare Knight entered the office of Dr. James B. DeMido (defendant) at 1666 North High Street, in the city of Columbus, county of Franklin, state of Ohio. Dr. DeMido examined the eyes of said Rowena Clare Knight by use of a Phoropter. After said examination, he advised her that she no longer needed to wear glasses."

The trial court found Dr. DeMido guilty of violating R. C. 4725.02,[1] for holding himself out "as able to examine the eyes of any person for the purpose of fitting the same with glasses." Dr. DeMido did not have a certificate of licensure from the State Board of Optometry to engage in the practice of optometry or to hold himself out as able to examine the eyes of any person.

In reversing the judgment of conviction, the Court of Appeals concluded that, as a licensed mechanotherapist,[2] Dr. DeMido qualified for the exemption set forth in R. C. 4725.14[3] for licensed physicians and surgeons. That court

---

[1]R. C. 4725.02:

"No person shall engage in the practice of optometry or hold himself out as a practitioner of optometry, or attempt to determine the kind of glasses needed by any person, or hold himself out as a licensed optometrist when not so licensed, or hold himself out as able to examine the eyes of any person for the purpose of fitting the same with glasses, excepting those exempted under Section 4725.14 of the Revised Code unless he has first fulfilled the requirements of Sections 4725.01 to 4725.14, inclusive, of the Revised Code, and has received a certificate of licensure from the State Board of Optometry, nor shall any person represent that he is the lawful holder of a certificate of licensure such as is provided for in such sections, when in fact he is not such lawful holder, or impersonate any licensed practitioner of optometry."

[2]According to Rule MB-1-05(G), mechanotherapy is understood to be "the use of manual, physical, or mechanical measures for the treatment of disease."

[3]R. C. 4725.14:

"Sections 4725.01 to 4725.14, inclusive, of the Revised Code do not apply:

"(A) To physicians or surgeons practicing under authority of licenses issued under the laws of this state for the practice of medicine or surgery;

found that, to the extent that a licensed mechanotherapist is engaged in that limited branch of medicine, he may do so without also obtaining a license as an optometrist.

We differ with that determination. The state of Ohio licenses two types of medical practitioners pursuant to R. C. Chapter 4731. R. C. 4731.14 provides for the licensing of doctors of medicine and doctors of osteopathy. R. C. 4731.15 provides for the licensing of limited practitioners of medicine and surgery, including mechanotherapy.

In those sections of the Revised Code which define the terms "physician" and "surgeon," the General Assembly has consistently referred to such terms as applying only to medical doctors and osteopaths. It has never included a limited practitioner, such as a mechanotherapist, as a physician or surgeon.

As an example, in the chapter covering medical care corporations, R. C. 1737.01(A) defines "licensed physicians and surgeons" as "persons holding a certificate issued under Section 4731.14 or 4731.29 of the Revised Code," which are the licensing sections for doctors of medicine and doctors of osteopathy.

By way of further example, in the chapter which covers professional associations, R. C. 1785.01(A) defines "professional service," and makes a clear distinction therein between "physicians and surgeons" and "practitioners of limited branches of medicine or surgery."

In another instance, R. C. Chapter 4731 is titled "Physicians; Limited practitioners." R. C. 4731.01 provides for a State Medical Board which shall consist of eight members who shall be physicians and surgeons licensed to practice in Ohio. Seven members of the board shall hold the degree of doctor of medicine and one shall hold the degree of doctor of osteopathy. The State Medical Board, pursuant to R. C. 4731.13, conducts examinations of applicants for certificates "to practice medicine and surgery." Pursuant to R. C. 4731.15, the State Medi-

"(B) To persons selling spectacles and eyeglasses but who do not assume to adapt them to the eye, or neither practice nor profess to practice optometry."

cal Board examines and registers persons desiring "to practice any limited branch of medicine or surgery."

In R. C. 4731.18, the General Assembly again expressly distinguishes limited practitioners from physicians and surgeons, generally, by providing that:

"The State Medical Board may dispense with the examination of applicants for limited certificates to practice a limited branch of medicine or surgery upon the same reciprocal conditions with respect to such limited branches as are provided in Section 4731.29 of the Revised Code with respect to physicians and surgeons generally. * * *"

It is clear then that the General Assembly has consistently considered a physician or surgeon to mean a doctor of medicine or a doctor of osteopathy, and a limited practitioner has never been so included. Finally, R. C. 4731.17, relating in part to the issuance of certificates to practice a limited branch of medicine after an applicant has passed an examination, provides, as follows:

"* * * Such certificate shall authorize the holder thereof to practice such limited branch of medicine or surgery as may be specified therein, but shall not permit him to practice any other branch of medicine or surgery * * *."

Applying the various statutory provisos to the facts in this case, we conclude that the exemption from the optometry licensing provisions of R. C. Chapter 4725, which is set forth in R. C. 4725.14(A), is applicable only to persons holding the degree of doctor of medicine or doctor of osteopathy. This exemption does not include persons licensed to practice only a limited branch of medicine or surgery pursuant to R. C. 4731.15 through R. C. 4731.21. Specifically, this exemption does not include licensed mechanotherapists, and the latter may not practice optometry under favor of the exemption.

Accordingly, the judgment of the Court of Appeals is reversed and the judgment of the Municipal Court is reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.