THE STATE, EX REL. SHEETS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Sheets, *v.* Indus. Comm. (1990), 49 Ohio St. 3d 285.]

(No. 88-1822—Submitted January 23, 1990—Decided March 14, 1990.)

*Chester T. Freeman Co., L.P.A.,* and *Chester T. Freeman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

*Kinder, Harper, Hazlett & Hinzey* and *Thomas McK. Hazlett,* for appellee Picoma Industries, Inc.

*Per Curiam.* Under Ohio Adm. Code 4121-3-15(B)(3) and (8), an "attending physician" must complete any C-85-A. The workers' compensation statutes and the administrative rules, however, leave "physician" undefined. Appellant submits that the Ohio Administrative Code interchanges "physician" and "licensed practitioner." Ohio Adm. Code 4121-17-03 includes "mechanotherapist" within the latter definition. Appellant thus contends that a mechanotherapist must be considered to be an "attending physician." This argument is without merit.

Upon review, we are unconvinced that the Ohio Administrative Code uses "physician" and "licensed practitioner" synonymously. More importantly, we note that Ohio Adm. Code

4731-1-02(E) specifically prohibits limited practitioners such as mechanotherapists from *ever* designating themselves as "physicians." See, also, Ohio Adm. Code 4731-1-01.

Our Revised Code contains similar limitations. R.C. 1737.01(A) defines "licensed physicians and surgeons" as persons certified under R.C. 4731.14, which certification is limited to medical doctors and doctors of osteopathy. R.C. 1785.01(A) also differentiates between "physicians" and "limited practitioners" — a distinction we affirmed in *State* v. *DeMido* (1974), 37 Ohio St. 2d 125, 66 O.O. 2d 281, 308 N.E. 2d 749.

In *DeMido,* defendant, a mechanotherapist, performed a client eye examination. When charged with practicing optometry without a license, defendant tried to invoke a statutory exemption that permitted physicians to examine eyes without an optometry license. We rejected this argument and ruled against defendant, concluding:

"In those sections of the Revised Code which define the terms 'physician' and 'surgeon,' the General Assembly has consistently referred to such terms as applying only to medical doctors and osteopaths. It has never included a limited practitioner, such as a mechanotherapist, as a physician or surgeon." *Id.* at 127, 66 O.O. 2d at 282, 308 N.E. 2d at 751.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.